## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Xee X.,[1]

       Petitioner,

v.

Todd Blanche, *Attorney General*;
Markwayne Mullin, *Secretary of Homeland
Security*; David Venturella, *Senior Official
Performing the Duties of the Director of
U.S. Immigration & Customs Enforcement*;
Marcos Charles, *Acting Executive Associate
Director for Enforcement and Removal
Operations*; David Easterwood, *Field Office
Director for Enforcement and Removal
Operations*; U.S. Immigration & Customs
Enforcement; U.S. Department of Homeland
Security; and John Doe, *Warden of Whipple
Federal Building*;

       Respondents.

File No. 26-CV-3344 (JMB/DTS)

**ORDER**

Elizabeth Sue Eckholm, Ratkowski Law, St. Paul, MN, for Petitioner Xee X.

Pedro Del Valle, IV, and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Todd Blanche, Markwayne Mullin, David Venturella, Marcos Charles, David Easterwood, U.S. Immigration & Customs Enforcement, and U.S. Department of Homeland Security.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

This matter is before the Court on Petitioner Xee X.'s Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241.   (Doc. No. 1 [hereinafter, "Pet."].) Respondents Todd Blanche, Markwayne Mullin, David Venturella, Marcos Charles, David Easterwood, U.S. Immigration & Customs Enforcement, and U.S. Department of Homeland Security are named in the Petition.  For the reasons explained below, the Court grants the Petition.

### FINDINGS OF FACT

1.      Xee X. was born in a refugee camp in Thailand.  (Pet. ¶ 37.)  He lacks a valid Laotian passport or any other valid proof of his Laotian citizenship.  (*Id.*)  Xee X. entered the United States in or around 1993 as a refugee; he was admitted after inspection by an immigration official.  (*Id.* ¶¶ 2, 37.)

2.      Xee X. has a criminal record.  (Doc. No. 7 ¶ 5.)  He has a 2007 conviction for third-degree criminal sexual conduct.  (*Id.*)

3.      Xee X. was ordered removed from the United States on December 27, 2010. (Pet. ¶ 3.)  He did not file an appeal of his removal order, rendering his removal order administratively final on January 26, 2011.  (*Id.*)

4.      In March 2011, Xee X. was placed on an Order of Supervision pursuant to 8 C.F.R. §§ 241.5 and 241.13 due to evidence that there was no significant likelihood of his removal to Laos in the reasonably foreseeable future.  (*Id.* ¶ 4; Doc. No. 7-2.)

5.      On July 20, 2026, Xee X. was redetained by ICE at a scheduled check-in. (Pet. ¶ 55.)  At the time of his arrest, Xee X. had been following all requirements of his release.  (*Id.*)

2

6.      Also on July 20, 2026, Assistant Field Office Director Corey M. McMahon signed a "Notice of Revocation of Release" (the Notice), explaining that release had been revoked because "[c]ircumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future." (Doc. No. 7-3 at 1.)

7.      The Proof of Service section of the Notice provides that an ICE officer served Xee X. with the revocation notice on July 20, 2026, at 4:11 p.m. (*Id.* at 2.) An officer also provided an informal interview, for which Xee X. made a statement. (*Id.* at 3.)

8.      On July 20, 2026, Xee X. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.) He seeks immediate release subject to the conditions of his prior order of supervision. (*Id.* at 28.)

9.      Xee X. remains detained at the Sherburne County Jail. (*Id.* ¶ 36.)

## DISCUSSION

Xee X. seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting that the Court declare that his detention is unlawful and order Respondents to release him from custody. (*Id.* at 28–29.) For the reasons discussed below, the Court grants the Petition.

**A.      Constitutional Guarantee of Habeas Review and Due Process**

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's

history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

In addition, the Court concludes that it has jurisdiction to hear this Petition. Under section 2241, federal courts have jurisdiction to order the release of a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. More specifically, federal courts have jurisdiction to decide section 2241 petitions for habeas corpus filed by persons who remain detained after a deportation order has become final. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Because Xee X. does not challenge the removal order but instead challenges the revocation of his supervised release and his continued detention, the Court has jurisdiction to decide the questions raised about the lawfulness of Xee X.'s current re-detention.

**B.   Violation of Regulations Governing Revocation of Supervised Release**

Xee X. asserts that his detention is unlawful and that he should be immediately released because Respondents, having previously released him on an Order of Supervision, violated applicable regulations by re-detaining him. Given Respondents' limited response concerning compliance with the requisite procedures at section 241.13, the Court agrees

4

with Xee X. and grants the Petition on this basis.[2]

Specific regulations control the federal government's ability to detain, release, and revoke the release of noncitizens subject to orders of removal.[3]  Government agencies are required to follow their own regulations.  *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Sarail A. v. Bondi*, No. 25-CV-2144 (ECT/JFD), 2025 WL 2533673, at *2 (D. Minn. Sep. 3, 2025).  Section 241.13 applies when ICE has previously determined that there is no significant likelihood that the noncitizen will be removed in the reasonably foreseeable future, provided that no special circumstances justify continued detention.  8 C.F.R. § 241.13(g).

When an individual is released pursuant to section 241.13, that release can be revoked on two grounds: violation of supervised release or changed circumstances. 8 C.F.R. § 241.13(i).  Under the latter, ICE "may revoke [a noncitizen's] release under this section and return the [noncitizen] to custody if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." *Id.* § 241.13(i)(2). In either case—violation of supervised release or changed circumstances—the regulations require ICE to notify the noncitizen "[u]pon revocation . . . of the reasons for revocation of his or her release" and

---

[2] Xee X. also asserts that his re-detention violated Fifth Amendment of the U.S. Constitution. (Pet. ¶¶ 104–107.)  Because the Court concludes that ICE has violated its own regulations in re-detaining Xee X., such that his current detention is unlawful, the Court need not address this alternative argument.

[3] The Court uses the term "noncitizen" instead of the term "alien."

to conduct an initial informal interview promptly after the noncitizen's return to custody to afford the noncitizen an opportunity to respond to the reasons for revocation stated in the notification. *Id.* § 241.13(i)(3). Section 241.13 also places the burden on ICE to establish that "changed circumstances" justified the revocation of release. *Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025); *Escalante v. Noem*, No. 9:25-CV-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025); *Nguyen v. Hyde*, No. 25-CV-11470-MJJ, 2025 WL 1725791, at *3 n.2 (D. Mass. June 20, 2025).

Here, the Court concludes that Respondents have not met their burden under section 241.13. Respondents attached the Notice of Revocation of Release, dated July 20, 2026, and served at 4:11 p.m. (*See* Doc. No. 7-3 at 2.) However, the record does not show what time Respondents detained Xee X. nor what time the Notice was signed, and so Respondents have not established that their decision to revoke Xee X.'s release occurred before Respondents arrested him. Absent any evidence in the record to show that the decision to revoke release was not an after-the-fact justification for Xee X.'s detention, the Court cannot conclude that Respondents complied with section 241.13(i)(3).

Accordingly, Xee X. has shown that ICE's re-detention of him on July 20, 2026, violated the law. Xee X.'s Petition is granted, and he must be released immediately.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Petitioner Xee X.'s Petition for a Writ of Habeas Corpus (Doc. No. 1) is GRANTED AS FOLLOWS:

1.  Respondents are ORDERED to release Petitioner Xee X. <u>immediately</u>, subject to the same conditions as his prior order of supervision, and in any event no later than <u>4:00 p.m. CT on July 24, 2026</u>.

2.  On or before <u>11:00 a.m. CT on July 27, 2026</u>, counsel for Respondents shall file a letter affirming that they have released Petitioner Xee X.

3.  On or before <u>11:00 a.m. CT on July 27, 2026</u>, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation).  Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589.  If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property."  If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

4.  Petitioner Xee X. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

5.  To the extent Petitioner Xee X. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  July 23, 2026                                   /s/ *Jeffrey M. Bryan*
                                                        Judge Jeffrey M. Bryan
                                                        United States District Court

7